**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 2:14-CV-00147-VEB

JASON RAY BLUMER,

                 Plaintiff,              DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

## I. INTRODUCTION

In August of 2012, Plaintiff Jason Ray Blumer applied for Disability Insurance Benefits ("DIB") under the Social Security Act. He applied for supplemental security income ("SSI") benefits in October of 2013. The Commissioner of Social Security consolidated and denied the applications.

1

Plaintiff, represented by Dana Chris Madsen, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

On October 30, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 14).


## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff alleges disability beginning August 15, 2010. (T at 12).[1]   His applications were denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").   On January 10, 2014, a hearing was held before ALJ Moira Ausems. (T at 29).  Plaintiff appeared with an attorney and testified. (T at 42-65). The ALJ also received testimony from Dr. Richard Hutson, a medical expert (T at 34-41), and K. Diane Kramer, a vocational expert. (T at 65-74).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – BLUMER v COLVIN 14-CV-00147-VEB

On February 18, 2014, the ALJ issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T at 9-28). The ALJ's decision became the Commissioner's final decision on March 25, 2014, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-6).

On May 19, 2014, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on July 21, 2014. (Docket No. 11).

Plaintiff filed a motion for summary judgment on October 8, 2014. (Docket No. 13). The Commissioner moved for summary judgment on November 21, 2014. (Docket No. 15). Plaintiff filed a reply memorandum of law on December 12, 2014. (Docket No. 16).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.

DECISION AND ORDER – BLUMER v COLVIN 14-CV-00147-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

4

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

DECISION AND ORDER – BLUMER v COLVIN 14-CV-00147-VEB

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

C.    **Commissioner's Decision**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, and had not engaged in substantial gainful activity since August 15, 2010, the alleged onset date. (T at 14). The ALJ determined that Plaintiff's degenerative disc disease and degenerative joint disease of the lumbar spine; degenerative disc disease of the cervical region of the spine; right shoulder strain; and methamphetamine abuse were "severe" impairments under the Act. (Tr. 14-16).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 16).  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work as defined in 20 CFR § 416.967 (b). The ALJ found that Plaintiff could perform work that did not involve lifting/carrying more than 10 pounds frequently or 20 pounds occasionally; could sit for 6 hours in an 8-hour work day with normal breaks; could stand/walk for 6 hours in an 8-hour work day with normal breaks; could not perform work involving overhead lifting with the right upper extremity; and needed to avoid concentrated exposure to temperature extremes, vibration, and hazards.  The ALJ also concluded that Plaintiff was limited to semi-skilled work that did not involve

more than superficial contact with the general public or cooperative teamwork. (T at 16-23).

The ALJ found that Plaintiff could not perform his past relevant work as a construction worker, cabinet assembler, or shipping clerk. (T at 23). However, considering Plaintiff's age (31 on the alleged onset date), education (GED), work experience, and RFC (limited light work), the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 23-25).

As such, the ALJ concluded that Plaintiff had not been disabled, as defined under the Act, from August 15, 2010 (the alleged onset date), through February 18, 2014 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr. 25). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

## D.    Plaintiff's Arguments

Plaintiff contends that the Commissioner's decision should be reversed. He offers two (2) principal arguments in support of this position. First, Plaintiff challenges the ALJ's credibility determination. Second, Plaintiff contends that the ALJ did not properly evaluate the medical evidence. This Court will address both arguments in turn.

### 1.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows: He attended school through the ninth grade, but received a GED. (T at 43).  He injured his back and neck on the job in 2010. (T at 44-45).  He experiences constant right shoulder pain and spasms. (T at 45-46).  Chiropractic treatment has not provided any relief. (T at 48).  He can walk for limited periods, but has pain. (T at 48-49).  He can stand for perhaps 30 minutes at a time. (T at 49).  He has numbness in his lower extremities. (T at 49).  Stomach pain is also an issue.  (T at 49).  Bending, squatting, and climbing stairs all cause pain. (T at 50).  Back pain limits his ability to lift to 10 pounds. (T at 51).  At the

time of the hearing, Plaintiff was living with his mother. (T at 52).  He helps with grocery shopping and does light cleaning and laundry. (T at 52, 54-55).  He can sit for about 15-20 minutes. (T at 53).  He has difficulty sleeping. (T at 53).  Mild ankle pain is a frequent concern. (T at 55-56).  His back, neck, and shoulder pain are more severe. (T at 56, 61).  He spends the majority of each day laying down to relieve pain. (T at 57).  He admitted using methamphetamine until 2011, but was unclear precisely when he quit. (T at 58-59).  He was also unclear about how often he was using meth. (T at 61-62).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (T at 18).

This Court finds the ALJ's decision flawed and not supported by substantial evidence.  First, the ALJ placed great emphasis on Plaintiff's "limited treatment history," finding it inconsistent with his allegations of disabling pain. (T at 18).  However, the ALJ did not adequately consider alternative explanations for Plaintiff's failure to seek treatment.

This was error under SSR 96-7p.  Under that ruling, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first

DECISION AND ORDER – BLUMER v COLVIN 14-CV-00147-VEB

considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id.; see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S. Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009)(noting that "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner").

An ALJ's duty to develop the record in this regard is significant because there are valid reasons why a claimant might not follow a treatment recommendation. For example, "financial concerns [might] prevent the claimant from seeking treatment [or] . . . . the claimant [may] structure[] his daily activities so as to minimize symptoms to a tolerable level or eliminate them entirely." *Id.*

In this case, Plaintiff testified that he had been homeless for three (3) years. (T at 47).  He reported that the Spokane "spine team" would not accept him for surgery because he lacked insurance. (T at 47).  He had not attempted to acquire coverage through Washington State's insurance exchange. (T at 47).  The ALJ commented that "access to treatment" was "an issue in your case." (T at 47-48).  Oddly, the ALJ then discounted Plaintiff's credibility for failing to seek treatment without (apparently) considering the access to treatment concerns.  (T at 18).  The ALJ also

DECISION AND ORDER – BLUMER v COLVIN 14-CV-00147-VEB

found that Plaintiff's pattern of seeking treatment in the emergency room and then not following up with a primary care doctor was suggestive of less than disabling limitations. (T at 18).  However, such a pattern of treatment is, in fact, an all too common occurrence among individuals who lack health insurance, *i.e.* they are forced to seek emergency care (which cannot legally be denied to them), but then have difficulty accessing preventative and follow-up care from a primary care physician because they have no insurance.  The ALJ does not appear to have accounted for this possible explanation when assessing Plaintiff's credibility.

The ALJ also found that Plaintiff's activities of daily living contradicted his allegations. (T at 18).  For example, the ALJ noted reports that Plaintiff had been "working on a car" and "pushing a car." (T at 18).  However, these reports also indicated that engaging in these activities caused Plaintiff to seek medical attention, which supports (rather than contradicts) his allegations. (T at 18).  The ALJ also noted that Plaintiff engaged in other basic activities of daily living, such as light cleaning and using public transportation. (T at 18).

However, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).  "The

Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ also discounted Plaintiff's credibility based on his reluctance to provide details of his past drug abuse. (T at 21). It is true that, while Plaintiff acknowledged his past use of methamphetamine, he would not (or could not) say precisely when he quit and was unclear about how often he used meth. (T at 58-59, 61-62). However, the ALJ appears not to have considered the possibility that Plaintiff (while being candid about drug use in general) was reluctant to discuss his past criminal activity in detail based on a legitimate fear that such admissions would subject him to criminal liability. *See McClesky v. Astrue,* 606 F.3d 351, 353 (7th Cir. 2010)("[The ALJ] said that '[claimaint's] lack of candor about her substance use decreases the credibility of her statements,' without considering the possibility that she had been afraid to admit to an official that she had been until recently (and perhaps still is) committing crimes.").

Lastly, the ALJ found that Plaintiff's allegations were not credible because they were not supported by the medical evidence. For the reasons outlined below,

14

DECISION AND ORDER – BLUMER v COLVIN 14-CV-00147-VEB

this Court finds the ALJ's assessment of the medical evidence flawed. Thus, this portion of the ALJ's credibility determination relating to the medical evidence likewise cannot be sustained.

### 2.        Medical Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

In this case, Bill Cunningham, a treating physician's assistant, noted that Plaintiff had been cleared to return to light duty work, but had experienced worsening pain. (T at 343). Mr. Cunningham recommended that Plaintiff be "put on full restriction in order to avoid any further injury." (T at 343).[2]

---

[2] The ALJ must consider evidence from the claimant's medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources")

DECISION AND ORDER – BLUMER v COLVIN 14-CV-00147-VEB

In November of 2012, Dr. Kevin Weeks, a consultative examiner, opined that Plaintiff could stand/walk for about 2 hours in an 8-hour workday, sit for 6 hours in an 8-hour workday, and lift 10 pounds frequently. (T at 305).

In October of 2013, Dr. William Shanks, an examining orthopedist, diagnosed degenerative disc disease of the cervical spine (with MRI evidence of significant disc changes and disc bulge) and degenerative disc disease of the lumbar spine (with MRI evidence of mild posterior disc bulge). (T at 346). Dr. Shanks opined that Plaintiff would be "significantly limited in his activity level" and would "most likely be restricted to sedentary work." (T at 347).

The ALJ discounted these opinions, in large measure, because he found them based on Plaintiff's subjective complaints. (T at 22-23). It is reasonable for an ALJ to discount a physician's opinion predicated on subjective complaints found to be less than credible. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009). However, in this case, the ALJ's decision to discount Plaintiff's credibility was flawed for the reasons outlined above. Moreover, the ALJ did not adequately account for (1) the fact that the opinions of Dr. Shanks and Dr. Weeks were supported by detailed examination notes and reference to medical records (2) the

---

include physician's assistants. SSR 06-03p. The ALJ must give "germane reasons" before discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

DECISION AND ORDER – BLUMER v COLVIN 14-CV-00147-VEB

fact that the medical opinions were consistent with each other (and consistent with Plaintiff's allegations) was, itself, a reason for affording Plaintiff's credibility (and the opinions) greater weight.   Accordingly, the ALJ's assessment of the opinion evidence should be revisited on remand.

## E.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).  Here, Plaintiff's credibility needs to be reassessed on remand and the medical evidence reviewed again in light of the revised credibility assessment.   It is not clear from the record that Plaintiff is disabled, as there are indications of an ability to perform sedentary work or limited light duty work.  On remand, the ALJ should reconsider Plaintiff's credibility, giving particular attention to explanations in the record both for Plaintiff's failure to seek treatment and reluctance to provide details regarding his past drug use.  Regarding the latter point, this Court is not suggesting that a lack of forthrightness cannot be considered when assessing Plaintiff's credibility; rather, any omissions concerning details of past drug

use should be viewed in context and with an understanding of possible alternative explanations.

## IV. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## IV. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment, Docket No. 13, is GRANTED.

The Commissioner's motion for summary judgment, Docket No. 15, is DENIED.

This case is REMANDED for further proceedings consistent with this Decision and Order.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff, and close this case.

DATED this 9th day of February, 2015.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – BLUMER v COLVIN 14-CV-00147-VEB